In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00318-CR
_____

RONY SANCHEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR35036

_____

MEMORANDUM OPINION

Rony Sanchez appeals his conviction for aggravated robbery, a first-degree felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Sanchez in the appeal. The attorney discharged his responsibilities to Sanchez by filing an *Anders* brief.[2]

---

[1]*See* Tex. Penal Code Ann. § 29.03.
[2]*See Anders v. California,* 386 U.S. 738, 744 (1967).

1

In the brief, Sanchez's attorney represents there are no arguable reversible errors to be addressed in Sanchez's appeal.[3] The brief contains a professional evaluation of the record, and Sanchez's attorney explains why under the record in Sanchez's case no arguable issues exist to reverse the trial court's judgment.[4] Sanchez's attorney also represents that he sent Sanchez a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Sanchez, by letter, that he could file a pro se brief or response with the Court on or before February 27, 2023. Sanchez, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support his appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree no arguable grounds

---

[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

exist to support Sanchez's appeal.[6] It follows the appeal is frivolous.[7] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[8]

The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 26, 2023
Opinion Delivered August 2, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*Id.* at 826.

[8]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Sanchez may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.